**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SEJAL DAVE,<br><br>                Plaintiff,<br><br>           v.<br><br>MONTCLAIR BOARD OF EDUCATION,<br><br>                Defendant. | Case No. 2:25-cv-01412 (BRM) (CF)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Montclair Board of Education's ("Defendant") Motion to Dismiss (ECF No. 11) Plaintiff Sejal Dave's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (the "Motion"). Plaintiff filed an Opposition. (ECF No. 12.) Defendant filed a Reply. (ECF No. 13.) Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, Defendant's Motion is **GRANTED IN PART and DENIED IN PART**.

## I.    BACKGROUND

### A.  Factual Background

For purposes of the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Philips v. Cnty. of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*,

114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Defendant hired Plaintiff in or around October 2019 as a "Special Education teacher." (ECF No. 1 ¶ 12.) Plaintiff was "diagnosed with depression" in or around 2008, and she was later "diagnosed with anxiety and suffered periodically from panic attacks" (together, "Medical Conditions").[1] (*Id.* ¶¶ 13–14.) Plaintiff's Medical Conditions worsened in or around January 2023, at which point "Plaintiff's physician recommended she take a leave of absence from work." (*Id.* ¶ 15.) Plaintiff notified Defendant on or about January 31, 2023, "she suffered from her Medical Conditions and required a leave of absence as a result of same." (*Id.* ¶ 16.) She provided Defendant with "a note from her physician reflecting same." (*Id.* ¶ 17.) Due to her physician's recommendation, Plaintiff "requested a medical leave of absence from February 27, 2023, until June 2023." (*Id.*)

Although "Defendant approved Plaintiff's request for medical leave," "Defendant failed to provide Plaintiff with individualized notice of her right to seek [Family Medical Leave Act ("FMLA")] leave related to her need for medical leave due to her Medical Conditions." (*Id.* ¶¶ 18–19.) Plaintiff alleges if Defendant provided her with notice of her right to seek leave under the FMLA, she would have "learned she was eligible for same from February 27, 2023, until May 22, 2023," which amounts to twelve weeks. (*Id.* ¶ 20.) Plaintiff asserts if she had known, she "could have managed her treatment" in a way that would have allowed her to return to work following the "FMLA leave entitlement." (*Id.* ¶ 21.) However, because of Defendant's alleged failure to notify Plaintiff of her right to seek FMLA leave, Plaintiff commenced her leave of absence on

---

[1] The Court defines the Medical Conditions as that phrase is defined in the Complaint. (ECF No. 1 ¶ 14.)

February 27, 2023, and continued the leave for the entirety of her originally requested and approved timeframe, which extended beyond twelve weeks. (*Id.* ¶¶ 22–23, 26.) "Defendant did not designate or treat Plaintiff's leave as FMLA protected." (*Id.* ¶ 24.)

Defendant informed Plaintiff on or about May 12, 2023—prior to the end of Plaintiff's leave of absence—her 2023–2024 school year contract was not being renewed. (*Id.* ¶ 27.) On or about June 8, 2023, Defendant provided a termination notice to Plaintiff specifying her contract was not being renewed because of "various deficiencies in performance." (*Id.* ¶ 28.) However, before her leave of absence, "Plaintiff had not received any discipline for her performance" and in fact "had received only positive feedback on her classroom observations." (*Id.* ¶¶ 28–29.) Therefore, Plaintiff alleges Defendant fired her because of, among other reasons, "her Medical Conditions . . . and/or because of her *de facto* FMLA . . . absences, and/or because of her absences that Defendant should have designated and treated as FMLA . . . protected." (*Id.* ¶ 31.)

### B. Procedural History

Plaintiff filed her Complaint on February 24, 2025. (ECF No. 1.) The Complaint sets forth the following six counts: Violation of the Americans with Disabilities Act ("ADA") (Disability Discrimination) (Count I) (*Id.* ¶¶ 33–44); Violation of the ADA (Retaliation) (Count II)[2] (*Id.* ¶¶ 45–49); Violation of the FMLA (Interference) (Count III) (*Id.* ¶¶ 50–61); Violation of the FMLA (Retaliation) (Count IV) (*Id.* ¶¶ 62–65); Violation of the New Jersey Law Against Discrimination ("NJLAD") (Disability Discrimination) (Count V) (*Id.* ¶¶ 66–73); Violation of the NJLAD (Retaliation) (Count VI) (*Id.* ¶¶ 74–78). On September 22, 2025, Defendant filed a Motion

---

[2] The Complaint appears to mistakenly designate this Count as "Count III." (*See* ECF No. 1 ¶¶ 45–49.)

to Dismiss Counts I, II, and III of Plaintiff's Complaint.[3] (ECF No. 11.) Plaintiff filed an Opposition on October 6, 2025. (ECF No. 12.) On October 14, 2025, Defendant filed a Reply. (ECF No. 13.)

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan*, 478 U.S. at 286). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This

---

[3] On June 5, 2025, the Court entered a Stipulation and Order extending Defendant's time to answer or otherwise plead by sixty days. (ECF No. 6.) On August 22, 2025, Defendant filed a motion to dismiss (ECF No. 7), but the Court administratively terminated same because Defendant failed to file a pre-motion letter requesting a conference in accordance with the undersigned's judicial preferences (ECF No. 8).

"plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancement" and not just conclusory statements or a "recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes a plaintiff must show the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss

5

[to one for summary judgment pursuant to Rule 56].” *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any “document *integral to or explicitly relied* upon in the complaint.” *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). However, “[w]hen the truth of facts in an ‘integral’ document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail.” *Princeton Univ.*, 30 F.4th at 342.

## III.    DECISION

Defendant seeks dismissal of Counts I, II, and III of the Complaint. (ECF No. 11-1 at 2–5.) Defendant argues Counts I and II, which raise claims under the ADA, should be dismissed because “Plaintiff has failed to exhaust the requisite administrative remedies prior to filing a Complaint with this Court,” including receiving a right to sue letter from the Equal Employment Opportunity Commission (“EEOC”). (*Id.* at 2–4.) In her Opposition, Plaintiff “acknowledges that the EEOC has not issued a Notice of Right to Sue related to her ADA claims, and thus stipulates to the dismissal of the ADA claims of the Complaint.” (ECF No. 12 at 4 n.2.) Accordingly, Defendant’s Motion to Dismiss Counts I and II of Plaintiff’s Complaint is **GRANTED** and Counts I and II are **DISMISSED WITHOUT PREJUDICE**.

Count III raises an interference claim under the FMLA. (ECF No. 1 ¶¶ 50–61.) Defendant argues Plaintiff fails to allege what specific notice Plaintiff claims Defendant failed to provide, or how that lack of notice interfered with Plaintiff’s FMLA rights. (ECF No. 11-1 at 5.) Defendant further asserts Plaintiff was never denied an FMLA benefit because Defendant approved her requested medical leave. (*Id.*)

Plaintiff responds the Complaint states a claim for FMLA interference in two ways. First, Plaintiff argues “Defendant violated Plaintiff’s FMLA rights when it failed to notify her of her

6

right to FMLA leave arising from her Medical Conditions," which denied Plaintiff "the opportunity to structure her leave in a manner that would have allowed a return to work within 12 weeks of the start of the leave and during the 2022[–]2023 school year, and that such return would have protected her from termination/non-renewal." (ECF No. 12 at 7.) Second, Plaintiff contends "Defendant failed to designate her absences related to her Medical Conditions as FMLA protected, and then considered such absences . . . in the decision to terminate her/not renew her contract." (*Id.* at 9.)

"To make a claim of interference under the FMLA, a plaintiff must establish" the following:

> (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

*Capps v. Mondelez Global, LLC*, 847 F.3d 144, 155 (3d Cir. 2017) (quoting *Ross v. Gilhuly*, 755 F.3d 185, 191–92 (3d Cir. 2014)). "Unlike an FMLA retaliation claim, '[a]n interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA.'" *Id.* (quoting *Callison v. City of Phila.*, 430 F.3d 117, 120 (3d Cir. 2005)). In other words, "[t]o prevail on an FMLA interference claim, the employee merely needs to show she was entitled to benefits under the FMLA and that she was denied them." *Thurston v. Cherry Hill Triplex*, 941 F. Supp. 2d 520, 526 (D.N.J. 2008). Defendant's argument is focused on the fifth factor listed above, *i.e.*, whether "the plaintiff was denied benefits to which he or she was entitled under the FMLA." *Capps*, 847 F.3d at 155 (quoting *Ross*, 755 F.3d at 191–92); (*see* ECF No. 13 at 1 ("The crux of Defendant's issue is that Plaintiff failed to establish that Defendant denied her a benefit of the FMLA.").)

"The FMLA requires employers to provide employees with both general and individual notice of their FMLA rights." *Sopinski v. Lackawanna Cnty.*, 16-cv-00466, 2016 WL 6826166, at *4 (M.D. Pa. Nov. 18, 2016) (quoting *Brown v. Am. Sintered Tech.*, No. 14-cv-0410, 2015 WL 917293, at *5 (M.D. Pa. Mar. 3, 2015)). Courts in this Circuit have held the failure to provide an employee with the appropriate notice of the employee's rights under the FMLA "may constitute interference under the FMLA." *Sopinski*, 2016 WL 6826166, at *4; *see also Brown*, 2015 WL 917293, at *5 ("[A]n employer's failure to provide notice of FMLA rights . . . may constitute an interference claim." (citing 29 C.F.R. §§ 825.300(e), 825.301(e))). Indeed, Defendant recognizes the "failure to provide notice may be cause for FMLA interference," although Defendant argues under the facts of this case the "plausibility standard has not been met." (ECF No. 13 at 7 (citation modified).)

In *Conoshenti v. Public Service Electric & Gas Co.*, the Third Circuit upheld as "viable" a theory of recovery applicable here:

> [The employee] argues that [the employer's] failure to advise him of his right to twelve weeks of FMLA leave, after he properly gave notice of his serious health condition, constituted an interference with his FMLA right to that protected leave. Had he received the advice [the employer] was obliged to provide, [the employee] insists, he would have been able to make an informed decision about structuring his leave and would have structured it, and his plan of recovery, in such a way as to preserve the job protection afforded by the Act. We conclude that this is a viable theory of recovery . . . .

364 F.3d 135, 142–43 (3d Cir. 2004); *see also Thurston*, 941 F. Supp. 2d at 527 ("The Third Circuit ruled in *Conoshenti* that an employee may state a valid 'interference' claim when the employee can show that the employer's failure to give the employee individualized notice regarding FMLA rights rendered the employee 'unable to exercise that right in a meaningful way, thereby causing injury.'" (quoting *Conoshenti*, 364 F.3d at 143)); *Lupyan v. Corinthian Colls. Inc.*, 761 F.3d 314,

8

318 (3d Cir. 2014) ("Failure to provide the required notice [of employees' rights under the FMLA] can constitute an interference claim.").

Here, the Court finds Plaintiff has sufficiently alleged an FMLA interference claim. Plaintiff alleges "Defendant failed to provide Plaintiff with individualized notice of her right to seek FMLA leave related to her need for medical leave due to her Medical Conditions," including her eligibility for twelve weeks of leave. (ECF No. 1 ¶¶ 19–20.) Further, "[h]ad Plaintiff received notice of her right to FMLA leave, she could have managed her treatment in order to allow her to return to work at the conclusion of the FMLA leave entitlement." (*Id.* ¶ 21.) Without having been notified of her FMLA rights, Plaintiff remained on leave for more than twelve weeks. (*Id.* ¶¶ 17, 23.) As a result, Plaintiff alleges she was fired. (*Id.* ¶ 31.) Accepting Plaintiff's allegations as true, the Court is satisfied the allegations raise an FMLA interference claim sufficient to survive a motion to dismiss.[4] *See Sopinski*, 2016 WL 6826166, at *4 (denying motion to dismiss an FMLA interference claim and reasoning "[i]f, as [p]laintiff alleges, [d]efendants failed to provide appropriate notice of FMLA rights . . . such conduct may constitute interference under the FMLA").

Defendant attempts to distinguish *Conoshenti*, arguing the plaintiff in *Conoshenti* was not "aware that he was entitled to only twelve weeks of protected leave," whereas here, Defendant "had a policy, which is available not only to all employees, but also all members of the public which sets forth its policy on leave under the FMLA." (ECF No. 13 at 3, 6 (citing 365 F.3d at 145).) Defendant claims because of this "general notice" given to "all employees," employees

---

[4] On a motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, as Defendant itself recognizes, "Plaintiff does not plead the mere elements of the claim for FMLA interference." (ECF No. 13 at 6.)

were aware of their "entitle[ment] to twelve weeks of leave." (*Id.* at 7.) But Defendant was required to provide Plaintiff with "both general *and* individual notice about the FMLA." *Lupyan*, 761 F.3d at 318. Therefore, even if Defendant provided Plaintiff with general notice of Plaintiff's rights under the FMLA, Defendant was also required to provide individual notice, which Plaintiff alleges was never provided.[5]

Accordingly, Defendant's Motion to Dismiss Plaintiff's FMLA interference claim in Count III of the Complaint is **DENIED**.[6]

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED IN PART and DENIED IN PART.** An appropriate order follows.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: February 27, 2026

---

[5] In any event, the Court declines Defendant's invitation to consider its "policy on leave under the FMLA" attached to Defendant's Reply as Exhibit A, which Defendant argues provided general notice to Plaintiff. (ECF No. 13 at 3.) The Court does not find Exhibit A to be "*integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). Plaintiff never references the document in Exhibit A in her Complaint. (*See generally* ECF No. 1.) Plaintiff alleges Defendant failed to provide her with "individualized notice" of her FMLA rights (ECF No. 1 ¶¶ 19, 58), while Exhibit A—which appears to be taken from Defendant's website—seemingly relates to general notice (*see generally* ECF No. 13-1). Therefore, the Court will not consider Exhibit A on this motion to dismiss.

[6] Because the Court finds Plaintiff states a claim for FMLA interference based on an alleged failure to notify Plaintiff of her rights, the Court need not address Plaintiff's argument "Defendant failed to designate her absences related to her Medical Conditions as FMLA protected." (ECF No. 12 at 9.)